PER CURIAM.
We have for consideration an unverified “Petition for Temporary Injunction” supported by no record.
Our jurisdiction was first invoked by the filing of a Notice of Appeal by Waclav James Jagiella in proper person on November 13, 1973 which notice recites that the appeal is taken to seek review of a certain judgment of the Circuit Court “bearing the date of October 5, 1973, and rendered and recorded * * * on October 5, 1973.” Said notice of appeal further recites that “The nature of the Judgment appealed from is a Judgment directing the Sheriff of Calhoun County, Florida to incarcerate the Petitioner until he produces the minor infant child of the Petitioner and Respondent even though an Order had never been entered granting custody to either party.”
We have no record, and our file is devoid of any pleadings or documents except the said notice of appeal and petition for temporary injunction.
We note that unless there was some post-judgment activity tolling the time for taking an appeal the notice of appeal was not timely filed and we are without jurisdiction. We are reluctant, however, to enter a sua sponte order of dismissal in the absence of an affirmative showing that there was no such post-judgment proceedings.
We also observe that the petition for temporary injunction recites that the child of the parties was not physically within the territorial jurisdiction of the State of Florida and the Circuit Court but there is nothing in the record to substantiate such recitation, therefore there is nothing for this Court to review. Indeed, we do not even have a copy of the alleged order from whence the appeal is allegedly taken.
It is therefore ordered that the Petition for Temporary Injunction is denied without prejudice to the right of the petitioner *648 to refile same, or such other appropriate pleading as may appear proper in the premises, upon this Court being furnished, in accordance with applicable rules of appellate procedure, with an appropriate record for review. This cause is accordingly remanded, and jurisdiction is relinquished, to the Circuit Court of the 14th Judicial Circuit in and for Calhoun County for such further proceedings as may be necessary incident to the making, or preparation of, a record.
As a caveat we recite that unless it is made to appear before us, within thirty (30) days from date hereof, that there were postjudgment proceedings of such nature as to toll the time for taking appeal from the judgment alleged in the Notice of Appeal to have been rendered and recorded on October 5, 1973 then we will, sua sponte, dismiss the appeal for lack of jurisdiction.
SPECTOR, Acting C. J., and BOYER and McCORD, JJ., concur.